ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR LETTER OF JULY 31, 1990, IN WHICH YOU INQUIRE ABOUT THE EFFICACY OF POSSIBLE TAXING AGREEMENTS BETWEEN THE STATE OF OKLAHOMA AND VARIOUS INDIAN TRIBES.
YOUR LETTER STATES THAT YOU HAVE BEEN APPROACHED BY VARIOUS TRIBES WHICH WISH TO RELINQUISH OR SHARE WITH THE STATE JURISDICTION TO LEVY SALES TAXES AND TOBACCO TAXES ON TRANSACTIONS OCCURRING ON INDIAN LANDS, WITHOUT REGARD TO THE CITIZENSHIP OR TRIBAL MEMBERSHIP OF THE SELLER OR PURCHASER. YOU STATE THE TRIBES ALSO WISH TO NEGOTIATE AN AGREEMENT REGARDING THE REGULATION, REGISTRATION AND TAXATION OF MOTOR VEHICLES DOMICILED ON INDIAN LANDS. YOU INQUIRE WHETHER THE TRIBES MAY MAKE SUCH AN AGREEMENT, AND WHETHER SUCH AN AGREEMENT WOULD BE ENFORCEABLE IN FEDERAL COURT.
UNFORTUNATELY, WITHOUT A MORE SPECIFIC AGREEMENT PROPOSAL BEFORE US IT IS VIRTUALLY IMPOSSIBLE TO DETERMINE THE ANSWERS TO YOUR QUESTIONS. AS WE UNDERSTAND INDIAN LAW, AND AS YOUR LETTER APPEARS TO RECOGNIZE, THE ANSWERS TO YOUR QUESTIONS MAY DEPEND UPON SUCH THINGS AS THE STATUS OF THE PARTICULAR TRIBE AS A SOVEREIGN NATION AND ON WHETHER THE TRIBAL LANDS ARE HELD IN TRUST BY THE SECRETARY OF THE INTERIOR. THEY MAY ALSO DEPEND UPON THE LOCATION OF THE TRIBAL LANDS; FOR INSTANCE, WHETHER THEY MAKE UP A "CHECKERBOARD" PATTERN WITHIN THE STATE. IT WOULD BE QUITE DIFFICULT TO ANTICIPATE AND ADDRESS ALL THE FACTUAL VARIATIONS WHICH MIGHT BE INCLUDED IN SUCH AGREEMENTS FAR IN ADVANCE OF THEIR FORMULATION.
MOREOVER, IT WOULD SEEM THAT THE TRIBES, THEMSELVES, MUST IN THE FIRST INSTANCE DETERMINE THEIR AUTHORITY TO SUBMIT THEIR MEMBERS TO VOLUNTARY TAXATION. IN THIS REGARD, IT MAY BE NECESSARY OR ADVISABLE FOR THEM TO CONSULT WITH THE SECRETARY OF THE INTERIOR. OKLAHOMA'S DETERMINATION OF THAT ISSUE WOULD HAVE LITTLE MEANING; RATHER, THE TRIBES SHOULD PROVIDE THE STATE WITH EVIDENCE ON WHICH THE STATE CAN RELY THAT SUCH AUTHORITY EXISTS.
ADDITIONALLY, AS YOU KNOW, THE TAX COMMISSION IS FROM TIME TO TIME INVOLVED IN LITIGATION CONCERNING THE TAXING JURISDICTION OF OKLAHOMA OVER INDIAN LANDS, TRIBAL MEMBERS, AND NON-TRIBAL MEMBERS WHO ARE ON INDIAN LANDS. THE COMMISSION LEGAL STAFF THUS HAS FAR MORE EXPERIENCE THAN THE STAFF OF THIS OFFICE WITH RESPECT TO THE ISSUES YOU HAVE MENTIONED. AS THE COMMISSION WOULD THEREFORE BE IN A BETTER POSITION TO PREDICT THE EFFICACY OF ANY AGREEMENT WITH ANY OF THE VARIOUS INDIAN TRIBES, AS WELL AS THE EFFECT ANY SUCH AGREEMENT MIGHT HAVE ON ANY CURRENT OR ANTICIPATED LITIGATION, IT WOULD BE MOST BENEFICIAL FOR THE STATE TO TAKE ADVANTAGE OF THE COMMISSION'S EXPERTISE.
IF THE STATE OF OKLAHOMA IS SERIOUSLY CONSIDERING ENTERING INTO THE AGREEMENTS SUGGESTED BY THE TRIBES, THIS OFFICE WILL, OF COURSE, BE HAPPY TO ASSIST YOU IN ANY WAY POSSIBLE. HOWEVER, IN SO DOING IT IS OUR OPINION THAT WE MUST FIRST BE PROVIDED WITH ASSURANCES FROM THE INTERESTED TRIBES (OR PERHAPS THE SECRETARY OF THE INTERIOR) THAT THEY POSSESS THE AUTHORITY TO ENTER INTO SUCH AGREEMENTS. THIS OFFICE, IN CONJUNCTION WITH THE TAX COMMISSION, WOULD THEN BE IN A POSITION TO EVALUATE THE EFFICACY OF ANY POSSIBLE AGREEMENT AND ASSIST IN THE PROCESS OF THEIR NEGOTIATION.
(SUSAN BRIMER LOVING)